UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GURDEEP SINGH,

                        Plaintiff,
            -against-

ALL THE GOVERNMENTS IN THE
WORLD,

                        Defendants.

25-CV-07987 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, Chief United States District Judge:

Plaintiff filed this action *pro se*, alleging that his constitutional and statutory rights had been violated. By order dated January 9, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss a complaint filed *in forma pauperis*, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that

"finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

## BACKGROUND

In his complaint, Plaintiff, a citizen of Canada, alleges that "all the rights of the Federal constitutional and federal statutory rights have been violated."[1] (ECF 1 at 2.) He indicates that he is bringing suit against "[a]ll the governments in the world." (ECF 1 at 3.) Plaintiff's claim is seemingly based on the events of September 11, 2001. (*Id.* at 5) (listing "[n]umerous dates[] Including 11 Sep 2001" as the date(s) of occurrence for his claim). In the spaces designated for Plaintiff to state his factual allegations he states that "all relevant information" is in multiple "enclosed" documents, such as "Hari Om–Message_US District Court," "Outcome Matrix 3," and "Bacha Party Standing Ovation_Log_Audience." (*Id.* at 6.) These documents, which are stored in a Google Drive folder embedded in a letter Plaintiff filed at the same time as his complaint, do not contain further factual allegations. (ECF 5 at 4.) Plaintiff "is requesting to be a citizen of all the countries in the world." (ECF 1 at 2.)

## DISCUSSION

Under the *in forma pauperis* statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364,

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke*, 490 U.S. at 325. Plaintiff's request to become a citizen of every country in the world does not provide a basis for an action in any court of law. Accordingly, because Plaintiff's "factual contentions are clearly baseless," *Livingston*, 141 F.3d at 437, and there is no legal theory on which he can rely to assert any claim, the action must be dismissed as frivolous under Section 1915(e)(2)(B)(i).

In deference to Plaintiff's *pro se* status, the Court normally would direct Plaintiff to amend his complaint. Here, the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

## CONCLUSION

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court denies Plaintiff's motions at ECF 10, 14, and 17 as frivolous and directs the Clerk of Court to terminate these motions.

The Court directs the Clerk of Court to enter a civil judgment dismissing this action. SO ORDERED.

Dated:    January 15, 2026
        New York, New York

                                     Louis L. Stanton
                                     Louis L. Stanton
                                     U.S.D.J.