UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GURDEEP SINGH,

Plaintiff,

-against-

ALL THE GOVERNMENTS IN THE WORLD,

Defendants.

25-CV-7987 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this action *pro se*. On January 15, 2026, the Court dismissed this action as frivolous, and the Clerk of Court entered judgment on January 20, 2026. On April 8, 2026, Plaintiff filed both an untimely notice of appeal (ECF 29) and a motion for an extension of time to file a notice of appeal. (ECF 28.) The Court denies Plaintiff's motion for the following reasons.

**DISCUSSION**

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a notice of appeal in a civil case to be filed within thirty days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal, however, if the motion is filed within thirty days of the expiration of the time to file notice of appeal, and if the moving party shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

This 30-day period for seeking an extension is a "strict jurisdictional" deadline. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). Even where a litigant shows excusable neglect, the district court cannot grant a motion for an extension of time to appeal that was filed more than 60 days after entry of judgment. *Id*. at 245 ("[E]ven assuming that [the moving party] made a showing of good cause for an extension, the untimely motion should not have been

entertained.”). Plaintiff’s motion was filed on April 8, 2026, more than 60 days after the entry of judgment on January 20, 2026. The motion is therefore untimely, and the Court cannot, under Rule 4(a)(5)(A), extend the time to appeal.

Beyond the 30-day period for seeking an extension, a district court may reopen the time to file a notice of appeal if: (1) the court finds that the moving party did not receive notice of entry of the judgment it seeks to appeal; (2) the motion is filed within 180 days after judgment is entered or within 14 days of the moving party receiving notice of entry, whichever is earlier; and (3) the court determines that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

Plaintiff alleges he did not receive notice of the entry of judgment and learned of the judgment when he called the court’s Clerk’s Office on March 20, 2026. He therefore had 14 days, that is until April 3, 2026, to file his notice of appeal. Plaintiff’s motion was filed on April 8, 2026, 19 days after he learned of the judgment. Plaintiff thus cannot show any basis for reopening the time to appeal under Rule 4(a)(6).

**CONCLUSION**

The Court denies Plaintiff’s motion for an extension of time to file an appeal. The Clerk of Court is directed to terminate all pending motions in this action.

SO ORDERED.

Dated: July 8, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.